UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-7044 FMO (PJWx) | Date | August 31, 2020 |
| Title | Noah Golden v. eWheels LLC, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:      Attorney Present for Defendants:

None Present      None Present

**Proceedings:**      (In Chambers) Order Remanding Action

On April 28, 2020, plaintiff filed a Complaint in the Los Angeles County Superior Court against eWheels LLC ("eWheels" or "defendant"), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 2), which defendant removed on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See id. at ¶ 14). The court remanded the case to the Los Angeles County Superior Court on July 17, 2020, on the ground that defendant failed to allege the citizenship of its own members, and, therefore, failed to allege diversity jurisdiction. (See id. at ¶ 5). On August 5, 2020, defendant again removed this action to federal court. (See id.). In the instant NOR, defendant alleges its membership, and argues that it has now met the requirements for complete diversity. (See id. at ¶ 7).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-7044 FMO (PJWx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Noah Golden v. eWheels LLC, et al. | | |

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

When a case is remanded for lack of subject matter jurisdiction, as happened in this case, 28 U.S.C. § 1447(d) bars review of the remand order "on appeal or otherwise." Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S.Ct. 2145, 2153 (2006) ("[W]e have relentlessly repeated that any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court.") (alterations and internal quotation marks omitted). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." Seedman v. U.S. Dist. Ct. For Cent. Dist. Of Cal., 837 F.2d 413, 414 (9th Cir. 1988). "In light of the prohibition against review of a remand order in § [1447(d)], once a district court has remanded a case, a defendant generally may not remove the case to federal court a second time." Leon v. Gordon Trucking, Inc., 76 F.Supp.3d 1055, 1061 (C.D. Cal. 2014) (internal quotation marks omitted). Stated differently, a party is "not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 2014 WL 94337, *2 (N.D. Cal. 2014). The general prohibition of successive removals does not apply, however, "when subsequent pleadings or events reveal a new and different ground for removal." Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (internal quotation marks omitted) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-7044 FMO (PJWx) | Date | **August 31, 2020** |
|---|---|---|---|
| Title | **Noah Golden v. eWheels LLC, et al.** | | |

    Here, defendant attempts a second removal based on diversity jurisdiction.  (See Dkt. 1, NOR at ¶ 7).  After failing to allege its own membership, defendant belatedly does so in the instant NOR.  (See id.).  Defendant's membership is not new information that defendant could not have known at the time of its first removal.  In fact, "[a] defendant is presumed to know the facts surrounding its own citizenship."  See Muniz v. UtiliQuest, LLC, 2018 WL 1128423, *2 (C.D. Cal. 2018); Leon 76 F.Supp.3d at 1063.  Thus, defendant has not presented a "new and different ground for removal."  Kirkbride, 933 F.2d at 732 (emphasis omitted).  Therefore, the general prohibition on successive removals applies, and the court will remand this case to state court.

    **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

    Based on the foregoing, IT IS ORDERED that:

    1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) and (d).

    2.  The Clerk shall send a certified copy of this Order to the state court.

                                            Initials of Preparer       vdr